UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


ZANONIA WHITE, et al.,

   Plaintiffs,        Case No. 2:08-cv-118
                 JUDGE GREGORY L. FROST
   v.              Magistrate Judge Mark R. Abel

UNITED STATES OF AMERICA, et al.,

   Defendants.


**OPINION AND ORDER**

This matter is before the Court for consideration of Defendants' Motion to Dismiss (Doc. # 13), Plaintiffs' memorandum in opposition (Doc. # 17), and Defendants' reply memorandum (Doc. # 21). Also before the Court is a motion for leave to file an amicus curiae brief in support of Defendants' motion to dismiss filed by the Humane Society of the United States. (Doc. # 19.) For the reasons that follow, the Court finds the motion to dismiss well taken and denies the motion for leave to file an amicus brief as moot.

**I. Background**

In May 2007, various amendments to the Animal Welfare Act ("AWA"), 7 U.S.C. § 2156, became effective. Among these amendments were anti-cockfighting provisions that made illegal the following activities: knowingly sponsoring or exhibiting an animal in an animal fighting venture that is in interstate or foreign commerce; knowingly selling, buying, transporting, delivering, or receiving any animal for participation in an animal fighting venture; knowingly using the United States Postal Service or any other instrumentality of interstate

1

commerce for promoting an animal fighting venture within the limits of the United States; and knowingly selling, buying, transporting, or delivering in interstate or foreign commerce a knife, gaff, or other sharp instrument attached, designed, or intended to be attached to the leg of a bird for use in an animal fighting venture. 7 U.S.C. § 2156(a)(1), (b)-(c), (e), and (g)(1).

On February 7, 2008, Plaintiffs Zanonia White, Ben J. Taylor, Teresa Doolitle, Anthony Saville, and Milton Brooks filed the instant declaratory judgment action.[1] Their Complaint seeks a declaration that the 2007 amendments are unconstitutional, as well as injunctive relief prohibiting the enforcement of these statutory provisions. (Doc. # 2.) Defendants[2] have filed a motion to dismiss that, having been fully briefed, is now ripe for disposition. (Doc. # 13.)

## II. Discussion

### A. Standard involved

Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(1). That rule provides that an action may be dismissed for lack of subject matter jurisdiction. Under the Federal Rules of Civil Procedure, "[p]laintiffs have the burden of proving jurisdiction in order to survive a Rule 12(b)(1) motion . . . ." *Weaver v. Univ. of Cincinnati*, 758 F. Supp. 446, 448

---

[1] As Defendants correctly note in their motion to dismiss, although the Complaint includes Dan Bricker in its caption, he is not otherwise included in the pleading. Additionally, Plaintiff Doolitle's last name is spelled at various times in the pleading and briefing as "Doolitle" and at other times as "Doolittle." The Court shall use "Doolitle" here, which is the spelling contained in the caption of the Complaint. (Doc. # 2.)

[2] The Complaint names the following defendants: the United States of America; Charles F. Conner, Acting Secretary, United States Department of Agriculture (named in his official capacity); the United States Department of Agriculture; Peter D. Keisler, Acting Attorney General of the United States (named in his official capacity); the United States Department of Justice; John E. Potter, Postmaster General, United States Postal Service (named in his official capacity); the United States Postal Service; and fifty John Does. (Doc. # 2 ¶¶ 11-15.)

(S.D. Ohio 1991) (citing *Moir v. Greater Cleveland Reg'l. Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)). *See also Rapier v. Union City Non-Ferrous, Inc.*, 197 F. Supp. 2d 1008, 1012 (S.D. Ohio 2002) (citing *McNutt v. General Motors Acceptance Corporation of Indiana, Inc.*, 298 U.S. 178, 189 (1936); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)) ("The plaintiff bears the burden of establishing, by a preponderance of the evidence, the existence of federal subject matter jurisdiction"). Moreover, this Court may resolve any factual disputes when adjudicating a defendant's jurisdictional challenge. *See Moir*, 895 F.2d at 269.

Defendants also move for dismissal under Federal Rule of Civil Procedure 12(b)(6), which requires an assessment of whether Plaintiffs have set forth a claim upon which this Court may grant relief. Under the United States Supreme Court's most recent articulation of the analytic standard involved in applying this rule, this Court must construe the Complaint in favor of Plaintiffs, accept the factual allegations contained in the Complaint as true, and determine whether Plaintiffs' factual allegations present plausible claims. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007); *Luckey v. Butler County*, No. 1:06cv123, 2007 WL 4561782, at *1 (S.D. Ohio Dec. 21, 2007) (characterizing *Bell Atlantic* as requiring that a complaint " 'state a claim to relief that is plausible on its face' " (quoting *In re OSB Antitrust Litigation*, No. 06-826, 2007 WL 2253419, at *2 (E.D. Pa. Aug. 3, 2007))). To be considered plausible, a claim must be more than merely conceivable. *Bell Atlantic Corp.*, 127 S. Ct. at 1974; *Assoc. of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). Thus, the factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp.*, 127 S. Ct. at 1964-65. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

### B. Analysis

Defendants first argue for dismissal on the ground that this Court lacks subject matter jurisdiction because Plaintiffs lack Article III standing. The United States Supreme Court has explained that "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Thus, it is an axiomatic principle of standing that no case may be had without injury-in-fact. *See id*. at 561. This injury, described as "the invasion of a legally protected interest," must be concrete and affect a plaintiff in a personal and individual way, and it cannot be conjectural or hypothetical. *Id.* at 560. Rather, the requisite injury must be actual or imminent. *Id.* Moreover, it is a requirement that a favorable decision would likely redress the injury; mere speculation that redress could occur is insufficient. *Id.* at 561.

The Sixth Circuit Court of Appeals has echoed this well-settled construction of the injury-in-fact component of standing, stating:

> [N]o plaintiff can litigate a case in federal court without establishing *constitutional* standing, which requires a showing that the plaintiff has suffered (1) an injury that is (2) "fairly traceable to the defendant's allegedly unlawful conduct" and that is (3) "likely to be redressed by the requested relief." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). These three factors constitute "the irreducible constitutional minimum of standing." *Id.* To ignore these minimum requirements "would convert the judicial process into 'no more than a vehicle for the vindication of the value interests of the concerned bystanders.' " *Valley Forge Christian Coll. v. Americans United for Separation of Church and State*, 454 U.S. 464, 473 (1982) (quoting *United States v. SCRAP*, 412 U.S. 669, 687 (1973)).

*Prime Media, Inc. v. City of Brentwood*, 485 F.3d 343, 349 (6th Cir. 2007). *See also Fieger v. Ferry*, 471 F.3d 637, 643 (6th Cir. 2006) ("to establish standing to bring suit, a plaintiff must show that (1) he or she has 'suffered an "injury in fact" that is (a) concrete and particularized and

(b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision' " (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180-81 (2000))). Thus, the appellate court has concluded, "the constitutional standing requirement of a 'distinct and palpable injury that is likely to be redressed if the requested relief is granted . . . states a limitation on judicial power, not merely a factor to be balanced in the weighing of so-called 'prudential' considerations.' " *Prime Media, Inc.*, 2007 WL 1324951, at *4 (quoting *Valley Forge Christian Coll.*, 454 U.S. at 475).

Here, Defendants argues that Plaintiffs lack standing as required above because they have no injury-in-fact. Plaintiffs' pleading essentially boils down to two premises, the first of which is that they fear improper or false prosecution under the 2007 amendments. But as Defendants correctly note in their briefing, Plaintiffs must allege "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by [the] statute" and there must exist "a credible threat of prosecution thereunder." *Planned Parenthood Ass'n of Cincinnati, Inc. v. City of Cincinnati*, 822 F.2d 1390, 1396 (6th Cir. 1987) (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)). This requisite pleading is important because, as the United States Supreme Court has explained, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.' " *Id.* at 561 (quoting *National Wildlife Federation*, 497 U.S. 871, 889 (1990)). A plaintiff must, however, plead the components of standing with specificity.

5

*Daubenmire v. City of Columbus*, 507 F.3d 383, 388 (6th Cir. 2007). But even under this non-onerous standard, Plaintiffs' Complaint fails to present injury-in-fact.

The Complaint asserts that although Plaintiff White previously engaged in animal fighting ventures involving birds, she now sells chickens for breeding and show purposes. The pleading also provides that White fears that she will be falsely charged with violating the 2007 amendments and that as a result fo this fear she may discontinue supplementing her retirement income by selling birds. Similarly, the Complaint states that Plaintiff Taylor sells birds for breeding and show purposes. He asserts that the AWA amendments have reduced the market for his birds. Taylor also asserts that he fears groundless prosecution. Like White and Taylor, Plaintiff Doolitle also breeds chickens. Additionally, Doolitle operates a feed store. Following the 2007 amendments, she discontinued shipping birds even for lawful purposes as a purported result of a fear of groundless prosecution. Plaintiff Saville is the president of an organization known as the American Game Fowl Society and, according to the Complaint, has shown and judged gamefowl. These activities have been curtailed following the statutory amendments, the pleading states, because other individuals are reluctant to transport birds for fear of groundless prosecution. Finally, the Complaint provides that Plaintiff Brooks has been engaged in breeding and selling of birds for show and breeding purposes, as well as for fighting purposes. The pleading asserts that the 2007 amendments have decreased his potential market. As a result, the Complaint explains, Brooks' work with gamefowl has decreased and may discontinue, which has lessened and would stop the beneficial effect on his hypertension of working with birds, which would "have an adverse effect on his medical condition and result in increased morbidity and early mortality." (Doc. # 2 § 10(b)(i).)

6

None of the foregoing facts indicate current or future activity that would violate the AWA. Although several of the plaintiffs would apparently like to engage in prohibited conduct, none assert that are going to do so. Accordingly, there is no allegation in this case of consistently burdensome or differential past treatment or future plans that fall within targeted conduct as there was in *Daubenmire*. *Id.*, 507 F.3d at 389 ("Plaintiffs' allegations of consistently burdensome and differential past treatment during the permit application process, combined with the fact that Plaintiffs repeatedly engage in and plan to conduct future ceremonial burnings that require them to go through this process, are sufficient to demonstrate a significant possibility of future harm."). Nor is there an actual, present harm or a significant possibility of future harm arising from the statutory's scheme imposing costly, self-executing compliance burdens. *See Hyman v. City of Louisville*, 53 F. App'x 740, 743 (6th Cir. 2002) ("A plaintiff can meet the standing requirements when suit is brought under the Declaratory Judgment Act by establishing 'actual present harm or a significant possibility of future harm,' *People Rights Org. v. City of Columbus*, 152 F.3d 522, 527 (6th Cir. 1998), 'even though the injury-in-fact has not yet been completed.' *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 280 (6th Cir. 1997). '[P]re-enforcement review is usually granted under the Declaratory Judgment Act when a statute "imposes costly, self-executing compliance burdens or if it chills protected First Amendment activity." ' *Id.* at 279."). There is thus simply no credible threat of prosecution that enables Plaintiffs to meet the injury-in-fact requirement of standing in this pre-enforcement action.

Rather, Plaintiffs' pleading as to the scenario of events that must unfold to injure them–their allegations that they *might* incur injury in the future *if* the law is not properly followed and *if* their intentions are misconstrued–is "simply too speculative" or "highly

conjectural, resting on a string of actions the occurrence of which is merely speculative" to present a threat of imminent injury. *Cohn v. Brown*, 161 F. App'x 450, 455 (6th Cir. 2005) (internal quotation marks omitted). Thus, in the words of the Sixth Circuit in another lack-of-standing case, the "[p]ossiblity of future harm [is] neither actual nor imminent, but [is] conjectural at best, and therefore [is] not within the purview of disputes that the federal courts are permitted to adjudicate." *Hyman*, 53 F. App'x at 744. Absent injury-in-fact, there is a lack of standing that mandates dismissal.

The second premise presented by the Complaint is that the statutory amendments at issue are tied to indirect economic injuries allegedly suffered by Plaintiffs. These individuals assert that they have lost business because of the amendments, as well as, in regard to Taylor and Brooks, the consequential loss of health benefits derived from lost income or the alleged medical benefits of working with game fowl. But Defendants posit that the problems with this theory of standing is that such loss cannot be fairly traceable to the federal statutory provisions and that the relief sought cannot redress the asserted injuries. This Court agrees with Defendants.

Cockfighting is now illegal in all fifty states and in the District of Columbia. Thus, even if the federal prohibitions related to cockfighting were not in place, there is still no legal domestic market for cockfighting and its materials. Plaintiffs' pointing to the Animal Welfare Act as the cause of the purported lost revenue is thus insufficient, not only because it presents conclusory speculation as fact, but also given the existence of the overlapping state laws that serve to defeat the contention that federal law is the traceable cause of the economic injuries asserted. *Cf. San Diego County Gun Rights v. Reno*, 98 F.3d 1121, 1130 (9th Cir. 1996) (explaining that the presence of state law banning conduct similar to conduct addressed by a

8

federal law undercut traceability).  Absent traceability, there is no standing.  *See id.*; *see also Lujan*, 504 U.S. at 560.

Moreover, even if the Court were to ignore this point, the lack of redress remains.  Issuance of a judgment in favor of Plaintiffs is not likely to redress the asserted injuries that they have allegedly sustained.  The federal prohibitions would simply fall away, leaving the state-by-state prohibitions on cockfighting, which logic dictates would continue to repress the market for the animals and implements involved.  *Cf. San Diego County Gun Rights*, 98 F.3d at 1130.  And there is no factual basis to conclude that even if cockfighting were available in any state that the third-party lost customers or show participants whom Plaintiffs assert have stopped patronizing Plaintiffs would return; an injunction against the government could not compel private citizens to spend money or devote time to cockfighting endeavors.

Given the foregoing, this Court is without jurisdiction over the instant case and must **GRANT** Defendants' motion to dismiss under Rule 12(b)(1).  Having reached this conclusion, the Court need not and does not address Defendants' moot alternative arguments for dismissal under Rule 12(b)(6).  Additionally, because today's decision has turned on a lack of standing, the non-standing merits arguments contained in the amicus briefing proffered by the Humane Society of the United States become irrelevant for purposes of this case.  Without expressing any opinion on the merits of the arguments contained in that briefing, the Court therefore **DENIES** as moot the Humane Society's motion for leave to file an amicus curiae brief in support of Defendants' motion to dismiss.  (Doc. # 19.)

### III.  Conclusion

The Court **GRANTS** the motion to dismiss (Doc. # 13) and **DENIES** as moot the motion

9

for leave to file an amicus curiae brief (Doc. # 19).  The Clerk shall enter judgment accordingly and terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division, at Columbus.

**IT IS SO ORDERED**.

                                                                      /s/ Gregory L. Frost
                                                  GREGORY L. FROST
                                                  UNITED STATES DISTRICT JUDGE